CHARLES D. CRANE *vs.* D. M. WESTON & CO., INC.

DECEMBER 12, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J. This petition for compensation is before the court on petitioner's appeal from a decree which fixed his weekly compensation at $9.51. The determinative question presented is whether the Superior Court adopted the correct method to fix the amount to be paid petitioner.

October 9, 1931, petitioner, while employed as a rigger by respondent, was so seriously injured that it was necessary for him to have surgical and medical treatment at a hospital for about five months. He duly claimed compensation.

Petitioner testified that October 5, respondent's agent, Mr. Weston, agreed to pay him $30 a week whether he worked a full week or not; that he accepted this proposal and started to work October 6. Mr. Weston denied that he agreed to pay petitioner $30 a week and testified that he agreed to pay him sixty cents an hour for the actual time

he worked. It appears in evidence that respondent does not have steady work for its employees, and pays them by the hour. The trial justice decided this issue of fact in favor of the respondent and the decree contains the finding. By statute, findings of fact, contained in a decree are conclusive, in the absence of fraud. § 1243, G. L. 1923. *Jillson* v. *Ross*, 38 R. I. 145. Nothing appears in the record which would justify this court in reversing the decree in this particular.

Petitioner had been working for respondent three days when he was injured October 9. He had previously worked for respondent from February, 1931, until June, 1931. He then went to work for the Providence Gas Company where he had steady work until October. The court decreed that the fair method to fix the weekly compensation to be paid to the petitioner was to take the amount of his earnings, while employed by respondent during the twenty-six weeks immediately preceding the date of his injury, and divide this amount by the number of calendar weeks he was employed by respondent as provided in paragraph (a) § 1224, G. L. 1923.

Petitioner contends that the court erred in adopting this method and that the court should have adopted the method provided by paragraph (b) in said section which is, in substance, that where the employment previous to the injury is less than two weeks, and where method (a) of arriving at the average weekly earnings cannot reasonably and fairly be applied, such earnings shall be taken at such sum as, having regard to the previous earnings of such injured employee and of other employees working in the same or similar employment in the same establishment or neighboring locality shall reasonably represent the weekly earning capacity of the injured employee at the time of the accident.

Petitioner's contention must be sustained as paragraph (a) is to be used in determining the earning capacity of an injured employee only when he has been working for the

same employer during the twenty-six weeks immediately preceding the date of his injury.

Petitioner did not work for respondent during the sixteen weeks immediately preceding his injury. During this time he was working steadily for another employer. When petitioner again went to work for respondent, October 6, it was a new employment. It cannot be held that he resumed work under his former contract with respondent.

In a large majority of the states, the weekly earnings of an injured employee for a specified time is taken as the basis for fixing his compensation. The period of time from which the average wage is to be determined is usually fifty-two weeks. In seven states the period is twenty-six weeks. Our State and Connecticut are in this latter class. When answering a question of law as to the application of a statute similar to ours in *Mazzi* v. *Smedley Co.*, 112 Atl. (Conn.) 168, the court said that the basis of compensation for the injured employee was the average wage prevailing in the same employment. In this case it would not be fair or reasonable to take the average earnings of petitioner from February to June, when his work was not steady, and not consider his earning capacity during the next sixteen weeks when he had steady work.

Our conclusion is that as it appears petitioner worked for respondent less than two weeks before he was injured, his average weekly earning capacity must be determined by the method provided by paragraph (b) of § 1224, G. L. 1923.

So much of the decree appealed from as is inconsistent with this opinion is reversed. The cause is remanded to the Superior Court for further proceedings in accord with this opinion.

*Peter W. McKiernan, John C. Going, Ernest L. Shein,* for petitioner.

*Clifford A. Kingsley, Francis V. Reynolds,* for respondent.