John T. LaBAO

v.

YANKEE ENTERPRISES, INC.

No. 79–334–Appeal.

Supreme Court of Rhode Island.

Feb. 2, 1982.

Quinn, Cuzzone & Geremia, John F. Cuzzone, Jr., Providence, for petitioner.

Alice Bridget Gibney, Providence, for respondent.

OPINION

WEISBERGER, Justice.

This case comes before us on appeal from a decree of the Workers' Compensation Appellate Commission. The appellate tribunal affirmed a trial commissioner's decision that the petitioner suffered a loss of earning capacity resulting from a work-related injury, but it computed the employee's average weekly salary at a rate lower than that found by the trial commissioner. The employee now challenges the appellate commission's computation, and we sustain his appeal.

The employee, John T. LaBao, first injured his back on January 31, 1977 while engaged in his duties as an insulation installer for Yankee Enterprises, Inc. (Yankee Enterprises). The injury rendered LaBao incapable of working ·for nearly five months, and the Workers' Compensation Commission granted him benefits for that period at a rate commensurate with an average weekly salary of $353.40. When he returned to work on June 13, 1977, however, LaBao earned much less than this average wage. The lingering effects of his back injury prevented the employee from working full time, and from Monday, June 13 to Friday, June 17, LaBao worked four days earning about $240, while from Monday, June 20, through Friday, June 24, he worked three and one-half days, earning approximately $200. On Friday, June 24, LaBao again became incapacitated when he reinjured his back while loading a generator onto a company truck.

Unable to continue his employment, LaBao sought benefits from the Workers' Compensation Commission. He filed an Employee's Petition to Review, alleging that the present disability was a direct result of the original back injury of January 31. The trial commissioner denied the petition to review and found that the present incapacity resulted from an injury separate and distinct from the injury of January 31.

Thereafter LaBao simultaneously filed two new petitions. In the first petition,

No. 78–0196, the employee claimed total disability as a result of the June 24 injury and stated that his average weekly wage was $353.40. In the second petition, No. 78–0197, LaBao asserted that he had suffered a diminution in earning capacity as a consequence of the original injury of January 31. The petitioner intended the second claim to buttress his position in the event the commission decided that his average weekly salary was less than $353.40.

The trial commissioner ruled that the employee had suffered a compensable injury on June 24, 1977, and that LaBao's average weekly salary was then $353.40. Consequently, the commissioner denied LaBao's second petition alleging a loss of earning capacity resulting from the January 31 injury. Yankee Enterprises then appealed the first decision to the appellate commission, asserting that LaBao's average weekly salary was $240. LaBao appealed the denial of his second petition.

Both appeals were resolved unfavorably to the employee. The appellate commission sustained the appeal of Yankee Enterprises and computed an average weekly salary of $220 as of the time of the June 24 injury. The commission concurrently denied LaBao's appeal, holding that no loss of earning capacity flowed from the original back injury. Both decisions are presently before this court.

Rhode Island General Laws 1956 (1979 Reenactment) § 28–33–20 establishes a formula for computing the average weekly wage of a disabled employee. Generally, the average weekly wage is computed by determining the employee's gross wages for the thirteen-week period preceding the injury and dividing that figure by the number of calendar weeks in that period in which the employee actually worked. In the situation, however, in which prior to injury the employee has worked "less than a net period of two (2) calendar weeks," the statute provides alternate means for computing the

employee's average weekly salary. In such a case the employee's wage must be determined either by reference to the "average weekly wage prevailing in the same or similar employment at the time of injury" or by multiplying the employee's hourly wage, if he and his employer had agreed on such a rate, "by the number of weekly hours scheduled for full-time work by full-time employees regularly employed by the employer." *Id.*

It is LaBao's contention that prior to his injury he had not worked a "net period of two (2) calendar weeks" and that the appellate commission ignored the clear mandate of this section in computing his average weekly wage. LaBao asserts that the commission should not have simply averaged his total earnings from June 13, 1977 to June 24, 1977, because he worked less than a full work week in each of the calendar weeks of that period. The appellate commission, on the contrary, stated that a simple averaging was proper because the employer's payroll week ran from Friday to Thursday, and the Friday on which LaBao was injured was the first day of the employee's third payroll week on the job. We find that the appellate commission did not overlook § 28–33–20 but did misconstrue the term "net period of two (2) calendar weeks."

■ Admittedly, the term "net period of two (2) calendar weeks" evades clear comprehension. If one were to take a purely common-sense approach to this elusive phrase, however, ignoring the precise definitions of the words "net" and "calendar week," one could only conclude that the Legislature contemplated a period of two full work weeks, whatever a work week might be in a particular employment. This is what the Supreme Court of Errors of Connecticut concluded in 1921 when it reviewed the very same language in the Connecticut compensation statute.[1] *Mazzi v. Smedley Co.*, 95 Conn. 607, 613–14, 112 A. 168, 170–71 (1921); *see Baba v. Eastern*

---

1. In *Mazzi v. Smedley Co.*, 95 Conn. 607, 613, 112 A. 168, 170 (1921), the court defined a " 'net period of two calendar weeks' " as meaning "exactly what will first occur to the reader,

two full weeks of work * * * " and observed: " 'Net' means 'not subject to any discount or deduction' *Standard Dictionary*. And a net period of time, as of a week, is a whole week."

*Malleable Iron Co.*, 98 Conn. 815, 820, 120 A. 593, 595 (1923). Moreover, and more importantly, this is what the Supreme Court of Rhode Island held, although less explicitly, in *Crane v. D.M. Weston & Co.*, 54 R.I. 486, 487, 175 A. 868, 868–69 (1934). In *Crane* this court determined in interpreting the applicability of the phrase "less than a net period of two calendar weeks" that such phrase applied when the petitioning employee had worked less than a full two weeks prior to the injury and that, in such circumstances, the alternative methods of computation then prevailing must be utilized. In sum, the Rhode Island and Connecticut courts have determined that the Workers' Compensation Commission, when computing an injured worker's average weekly wage, may total the employee's earnings and divide by the number of weeks actually worked only if the employee has worked two or more full work weeks.

■ From the record it is clear that John T. LaBao did not work two full work weeks prior to his injury on June 24. In the five-day work period between June 13 and June 17 he worked only four days, and in the five-day period between June 20 and June 24 he worked but three days and a half. Although there was no direct testimony concerning the exact number of work days in the Yankee Enterprises work week, John T. LaBao gave undisputed testimony that he had not worked a full week. Thus, the appellate commission should have determined LaBao's average weekly income by applying the appropriate alternative method outlined in the statute.

We do not reach the issue raised by the employee's appeal from the denial of his second petition. In the event that the recomputation of earnings should result in a finding of an average weekly wage of $353.40 or more, the second petition would result in no further advantage to the employee.[2]

The appeal of John T. LaBao is sustained. The case is remanded to the Workers' Com-

pensation Commission for further proceedings consistent with this opinion.

---

**2.** This decision does not preclude further litigation of the second issue in the event LaBao's salary is adjudged to be less than $353.40.